Date Signed:
November 5, 2014



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| In re KELMER DONALD BECK, | Case No. 13-1825 |
| --- | --- |
| | Chapter 13 |
| Debtor. | Re: Docket No. 89 |

## MEMORANDUM OF DECISION REGARDING MOTION FOR ATTORNEY'S FEES

The debtor in this chapter 13 case owns a condominium unit. He is delinquent in paying fees owed to the association of apartment owners of the condominium project (the "AOAO"). The AOAO filed a proof of claim contending that the delinquent amounts were secured by a lien on the debtor's unit. The debtor filed a motion for a determination that the value of the condominium unit was less than the debt secured by liens senior to the AOAO's. The purpose of the motion was to "strip off" the AOAO's lien. After an evidentiary hearing, I ruled that the condominium was worth less than the debt secured by the first mortgage.[1]

---

[1] Dkt. 84.

The debtor now seeks an award of attorneys' fees against the AOAO. The AOAO objects.

The AOAO argues first that because the debtor's motion to value the condominium did not present "a claim or right which otherwise exists outside of bankruptcy," the debtor has no right to attorneys' fees.[2] The Ninth Circuit followed this rule for many years, calling it the *Fobian* doctrine.[3] The Supreme Court overruled the *Fobian* doctrine in 2007:

> We are asked to consider whether federal bankruptcy law precludes an unsecured creditor from recovering attorney's fees authorized by a prepetition contract and incurred in postpetition litigation. The Court of Appeals for the Ninth Circuit held, based on a rule previously adopted by that court, that such fees are categorically prohibited—even where the contractual allocation of attorney's fees would be enforceable under applicable nonbankruptcy law—to the extent the litigation involves issues of federal bankruptcy law. Because that rule finds no support in the Bankruptcy Code, we vacate and remand.[4]

---

[2] The cases cited by the AOAO are irrelevant. *Harmon v. United States*, 101 F.3d 574 (8th Cir. 1996), considered only whether a debtor was entitled to attorneys' fees from the United States under the Equal Access to Justice Act, which has nothing to do with whether a debtor can recover attorneys' fees from a private party. *In re King*, 290 B.R. 641, 647 (Bankr. C.D. Ill. 2003), and *In re Marsh*, 475 B.R. 892, 896 (N.D. Ill. 2012), considered lien stripping but said nothing about attorneys' fees.

[3] *Fobian v. Western Farm Credit Bank (In re Fobian)*, 951 F.2d 1149, 1153 (9th Cir. 1991) ("Where a contract or statute provides for an award of attorneys' fees, a creditor may be entitled to such fees in bankruptcy proceedings. Such an award is governed by state law. . . . However, where the litigated issues involve not basic contract enforcement questions, but issues peculiar to federal bankruptcy law, attorney's fees will not be awarded absent bad faith or harassment by the losing party." (citations omitted)).

[4] *Travelers Cas. & Sur. Co. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 445 (2007).

2

U.S. Bankruptcy Court - Hawaii   #13-01825   Dkt # 106   Filed 11/05/14   Page 2 of 5

Thus, the only question is whether the debtor is entitled to recover attorneys' fees under applicable nonbankruptcy law (in this case, Hawaii law).

Hawaii follows the "American rule," under which each party bears its own attorneys' fees and costs unless a statute or a contract provides otherwise or the opposing party has litigated in bad faith.[5]

The debtor cites three statutes. The first is Haw. Rev. Stat. § 514B-157(a):

> All costs and expenses, including reasonable attorneys' fees, incurred by or on behalf of the association for:
>
> > (1) Collecting any delinquent assessments against any owner's unit;
> >
> > (2) Foreclosing any lien thereon; or
> >
> > (3) Enforcing any provision of the declaration, bylaws, house rules, and this chapter, or the rules of the real estate commission;
>
> against an owner, occupant, tenant, employee of an owner, or any other person who may in any manner use the property, shall be promptly paid on demand to the association by such person or persons; provided that if the claims upon which the association takes any action are not substantiated, all costs and expenses, including reasonable attorneys' fees, incurred by any such person or persons as a result of the action of the association, shall be promptly paid on demand to such person or persons by the association.[6]

---

[5] *808 Development, LLC v. Murakami*, 141 P.3d 996, 1010 (Haw. 2006).

[6] The debtor also cites section 514B-157(b), which allows owners who prevail in an action against the association. Because the debtor is entitled to recover under subsection (a), I need not decide whether subsection (b) applies.

3

The AOAO filed a proof of claim asserting a lien against the debtor's apartment.[7] This was an effort to collect the delinquent assessments owed by the debtor, to preserve the right to foreclose the AOAO's lien, and to enforce the provisions of the condominium declaration and bylaws and the condominium statute.

The debtor responded by filing a motion to value the apartment and to strip off the AOAO's lien. He prevailed. As a result, the AOAO's lien rights (the "claims on which it [took the action]") were "not substantiated." Therefore, the debtor is entitled to recover reasonable attorney's fees and costs under section 514B-157(a).

This result is fair. If the AOAO had prevailed, it undoubtedly would have argued that the debtor had to pay its attorneys' fees. That argument would have been successful based on the portion of section 514B-157(a) before the phrase "provided that." Basic considerations of fairness, in addition to the structure and language of the statute, make it plain that condominium owners have a reciprocal right to attorney's fees if they prevail.

Second, the debtor cites Haw. Rev. Stat. § 607-14. That section authorizes an award of attorneys' fees "in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee. . . ." This section applies only to contractual claims. The question whether condominium

---

[7] Claims 3-1, 3-2, 3-3.

4

U.S. Bankruptcy Court - Hawaii   #13-01825   Dkt # 106   Filed 11/05/14   Page 4 of 5

association's claims are contractual or statutory in nature (or both) is thorny and potentially has far-reaching implications in bankruptcy cases. Because I hold that the debtor is entitled to fees under the condominium statute, I need not decide whether section 607-14 applies.

Third, the debtor cites Haw. Rev. Stat. § 607-14.5, which permits an award of attorneys' fees "upon a specific finding that all or a portion of the party's claim or defense was frivolous . . . ." Although I ruled against the AOAO, I cannot find that any of its claims or defenses were frivolous. Therefore, section 607-14.5 does not support an award of fees to the debtor.

I conclude that the debtor is entitled to recover from the AOAO reasonable attorneys' fees and costs incurred in connection with the motion to value collateral.[8] The debtor shall file, not later than November 19, 2014, one or more declarations and other evidence substantiating the fees and costs which he seeks. The AOAO may respond by December 3, 2014, and the debtor may reply to the AOAO's response not later than December 10, 2014. I will then decide the amount of the fees and costs without a hearing.

**END OF MEMORANDUM**

---

[8] Contrary to the AOAO's argument, the fees will not be limited to $600 pursuant to the chapter 13 fee guidelines. Those provisions describe a procedure for seeking fees from the estate under section 330 of the Bankruptcy Code. They do not fix a reasonable fee and have no bearing on a debtor's rights against a third party under a fee-shifting statute.

5