**Date Signed:**
**January 7, 2015**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re KELMER DONALD BECK, | Case No. 13-01825<br>Chapter 13 |
| Debtor. | Re: Docket Nos. 89 |

## MEMORANDUM OF DECISION REGARDING AWARD OF DEBTOR'S ATTORNEY'S FEES

In a prior memorandum of decision, I decided that the debtor was entitled to an award of reasonable attorney's fees and costs from his association of apartment owners (AOAO) under Haw. Rev. Stat. § 514-94(b).[1] I took under advisement the issue of whether the debtor's requested attorney's fees and costs are reasonable in amount.

After reviewing the parties' declarations, evidence, and memoranda, I conclude that the debtor's attorney's fees and costs are reasonable.

---

[1] Dkt. 106.

## I. Background

When the debtor filed this case, he was delinquent in paying his assessments to the AOAO. After the debtor filed this case, the AOAO filed a proof of a secured claim for $5,721.78.[2] In response, the debtor moved to determine the value of the condominium. His goal was to "strip off" the AOAO's lien that it has by virtue of Haw. Stat. § 514A-90(a).[3]

The primary issue was the factual question of the value of the condominium unit. The debtor also made a more complex legal argument that the Internal Revenue Service's (IRS) lien had priority over the AOAO's lien. The debtor's position was that if the IRS's lien had priority, then the AOAO still would have been wholly unsecured even if I agreed with the AOAO's valuation.

After an evidentiary hearing, I decided that the debtor's condominium was worth less than the first mortgage; therefore, the debtor prevailed on his motion.

Following my decision, the debtor requested an award of attorney's fees, and I granted that request. The only remaining issue is whether his costs and fees are "reasonable" in amount.

---

[2] Claim 3-3.

[3] "All sums assessed by the association of apartment owners but unpaid for the share of the common expenses chargeable to any apartment constitute a lien on the apartment . . . ."

## II.  Standard

An award of attorney's fees under a state fee-shifting statute is a substantive right; therefore, state law applies.[4] The seminal Hawaii case for determining whether attorney's fees are "reasonable" is *Sharp v. Hui Wahine, Inc*.[5] In that case, the Hawaii Supreme Court endorsed the factors in Canon 12 of the Canons of Professional Ethics. Those were:

> (1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the cause;
>
> (2) whether the acceptance of employment in the particular case will preclude the lawyer's appearance for others in cases likely to arise out of the transaction, and in which there is a reasonable expectation that otherwise he would be employed, or will involve the loss of other employment while employed in the particular case or antagonisms with other clients;
>
> (3) the customary charges of the Bar for similar services;
>
> (4) the amount involved in the controversy and the benefits resulting to the client from the services;
>
> (5) the contingency or the certainty of the compensation; and
>
> (6) the character of the employment, whether casual or for an established and constant client.[6]

---

[4] *Mangold v. California Public Utilities Comm'n*, 67 F.3d 1470, 1478-79 (9th Cir. 1995) ("The method of calculating a fee is an inherent part of the substantive right to the fee itself, and a state right to an attorneys' fee reflects a substantial policy of the state. The trial court did not err in applying state law to calculate the fees available under state law." (citations omitted)).

[5] 413 P.2d 242 (Haw. 1966).

[6] *Id.* at 245-46. These factors are almost identical to the those in Haw. R. Prof'l Conduct 1.5.

U.S. Bankruptcy Court - Hawaii   #13-01825   Dkt # 139   Filed 01/07/15   Page 3 of 9

To support an award, the requesting party must produce evidence proving that the fee is reasonable.[7]

## III. Discussion

### A. The AOAO's Position

The AOAO urges me to apply federal case law to determine whether the debtor's attorney's fees are reasonable. Because this matter is governed by Hawaii state law, I decline to rely on those cases.

The AOAO contends that the debtor's attorney "lumped" the services together in some of the time entries and did not provide enough detail about the services performed.

After reviewing the time sheets, I conclude that the time sheets sufficiently support an award of attorney's fees. Any lumping was justified because a reasonable attorney would have conducted the supposedly "lumped" activities simultaneously. I also conclude that the timesheets contain enough detail to permit me to assess the reasonableness of the time expended. The debtor's attorney's reply declaration also provides a sufficient evidentiary basis to find that the entries were reasonable.[8]

The AOAO contends that the debtor's attorney will obtain a "double recovery"; once when the estate pays the fees that were allowed in connection with

---

[7] *Id.* at 248.

[8] *See* Dkt. 134.

4

plan confirmation; and again when the AOAO pays his fees. The fees awarded in conjunction with plan confirmation are meant to cover the basic services required to obtain confirmation of a largely uncontested plan. They are not intended to cover the work that is required to conduct a full-blown evidentiary hearing on a valuation motion, as occurred here. The services for which the debtor's attorney seeks compensation are not covered by the basic fee, so there will be no double recovery.

The AOAO objects to the cost of printing trial exhibits. I conclude that this cost is necessary and is a reasonable cost under Haw. Rev. Stat. § 514-94(b).

**B.     The Fees and Costs are Reasonable**

Based on the *Sharp* analysis, I conclude the debtor's attorney's fees and costs are reasonable.

The first factor includes the reasonableness of the time expended, the difficulty of the case, and the skill required of the attorney. I have carefully scrutinized the time records and I find that all of the time spent was reasonable and necessary. The debtor's counsel was thoroughly prepared for the hearing; based on the time records, he did so efficiently. The case was not unduly difficult, but counsel showed great skill in presenting it.

The second factor deals with the opportunity cost to the attorney. Under this factor, I have to consider whether the attorney was unable to represent another party because he represented the debtor in this case. This factor is not applicable, because

U.S. Bankruptcy Court - Hawaii    #13-01825    Dkt # 139    Filed  01/07/15    Page 5 of 9

the debtor's attorney did not indicate that he lost work because the debtor wanted to value the collateral.

The third factor is the customary charge in Hawaii. The attorney's hourly fee was $300 per hour. This is a typical rate that other bankruptcy lawyers charge in Hawaii. The attorney spent 60.2 hours preparing for the evidentiary hearing and contesting the AOAO's secured status. That is not unreasonable, considering that he had to–among other tasks–obtain an expert witness, consult with another expert regarding technical tax issues, draft declarations, and research and draft pleadings. Any competent attorney would have done the same work in about the same time.

The fourth factor involves the "the amount involved in the controversy and the benefits resulting to the client . . . ." The amount in dispute was $5,721.78 compared to $23,984.59 in fees to win the motion. At first blush, this raises concerns, but on more careful consideration the fees are still reasonable. In my own experience,[9] AOAOs routinely charge unit owners more in attorney's fees than the amount of the delinquent assessments, and courts routinely approve such fees. This is unavoidable because AOAO assessments accrue in relatively small monthly amounts. AOAOs must nevertheless take prompt action to collect those amounts, both to protect their own finances and to discourage other owners from discontinuing

---

[9] Under Hawaii law, the trial judge is an expert on attorney's fees. *Stanford Carr Development Corp. v. Unity House, Inc.*, 141 P.3d 459, 479 (Haw. 2006).

U.S. Bankruptcy Court - Hawaii   #13-01825   Dkt # 139   Filed  01/07/15   Page 6 of 9

payment also. The fee shifting statutes must be interpreted in a way that makes them reciprocal; victorious owners should be able to collect the same amount of fees that the AOAO could collect if it had prevailed.

Further, the AOAO could have avoided liability for the fees. The debtor offered to settle the matter for $4,000.[10] The AOAO declined the offer, and it must bear the consequences of that decision.

The fifth factor concerns "the contingency or the certainty of the compensation."[11] This was not a contingent fee case, and the debtor's counsel faced no unusual risk of nonpayment, so no adjustment is warranted.

Finally, the sixth factor requires me to consider "the character of the employment." No adjustment is warranted on this account; the debtor and his attorneys had a typical relationship.

In addition to his attorney's fees, the debtor also seeks reimbursement for payments to Mr. Walther and Mr. King. I find that these amounts are reasonable.

Mr. King's charge to consult about the tax issue was $425.00. Mr. King is an expert on tax priority in bankruptcy.[12] It was reasonable for the debtor's counsel to

---

[10] Dkt. 134. This fact is admissible under Fed. R. Evid. 408. *Kekauoha-Alisa v. Ameriquest Mortgage Company (In re Kekauoha-Alisa)*, 674 F.3d 1083, 1093-94 (9th Cir. 2012).

[11] *See also* Haw. R. Prof'l Conduct 1.5(a)(8).

[12] Dkt. 134 at 4.

7

U.S. Bankruptcy Court - Hawaii   #13-01825   Dkt # 139   Filed 01/07/15   Page 7 of 9

consult with an expert about an unclear and arcane issue of tax law that is not frequently litigated in Hawaii. Hawaii's Rules of Professional Conduct anticipate this situation. The first comment in Rule 1.1 states that an attorney may consult "a lawyer of established competence in the field in question" to ensure his competent representation. Haw. R. Prof'l Conduct 1.1, cmt 1. Mr. King's charge is small in absolute terms and reasonable in the circumstances.

Mr. Walther received $4,475.92. This is a reasonable cost, since the debtor needed an expert opinion was necessary to establish the value of the property in this case, and I found Mr. Walther's testimony more persuasive than that of the AOAO's expert. Mr. Walther was deposed, he testified at the hearing, and he had to review and respond to the AOAO's expert testimony.[13] All of these activities required time, for which the debtor should compensate Mr. Walther. Tellingly, the AOAO has not challenged the reasonableness of Mr. Walther's fees.[14] It only suggested that "[t]he court should also review the reasonableness of the costs incurred on behalf of Witness Brian Walther," without providing a basis for me to conclude that his fees were not reasonable.

## IV. Conclusion

THEREFORE, the debtor is awarded reasonable attorneys' fees and costs

---

[13] *See* Dkt. 111.

[14] Dkt. 130 at 12.

8

U.S. Bankruptcy Court - Hawaii   #13-01825   Dkt # 139   Filed 01/07/15   Page 8 of 9

against the Association of Apartment Owners of Ala Wai Townhouse in the amount of $23,984.59.

**END OF MEMORANDUM**

U.S. Bankruptcy Court - Hawaii   #13-01825   Dkt # 139   Filed  01/07/15   Page 9 of 9